IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

In re:

S. WHITE TRANSPORTATION, INC.                           CHAPTER 11 DEBTOR

ACCEPTANCE LOAN COMPANY, INC.                                    APPELLANT

V.                              CIVIL ACTION NO. 1:11-cv-368-HSO-RHW

S. WHITE TRANSPORTATION, INC.                                     APPELLEE

**MEMORANDUM OPINION AND ORDER REVERSING
THE JUNE 7, 2011, MEMORANDUM OPINION AND ORDER OF THE
UNITED STATES BANKRUPTCY COURT, AND REMANDING FOR
FURTHER PROCEEDINGS**

THIS MATTER COMES BEFORE THE COURT as an appeal taken by Acceptance Loan Company, Inc., a creditor below, of the June 7, 2011, Memorandum Opinion and Order, R. [1-1] at 325, of the United States Bankruptcy Court for the Southern District of Mississippi. *See In re S. White Transp., Inc.*, 455 B.R. 509 (Bankr. S.D. Miss. 2011). The appeal has been fully briefed in accordance with FED. R. BANKR. P. 8009(a). After consideration of the submissions of the parties, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that any lien Acceptance may have had on the Debtor S. White Transportation, Inc.'s, real property survived the Debtor's Chapter 11 Plan confirmation. The June 7, 2011, Memorandum Opinion and Order, R. [1-1] at 325, of the United States Bankruptcy Court should be reversed, and this matter should be remanded to the Bankruptcy Court for further proceedings.

I.  BACKGROUND

A.   The Underlying Indebtedness

On July 30, 2002, a Rebecca Sanders, purportedly acting on behalf of Debtor S. White Transportation, Inc. ["SWT"], executed a Promissory Note in the amount of $96,678.56 in favor of Acceptance Loan Company, Inc. ["Acceptance"], along with a First Deed of Trust to secure the indebtedness.  R. [1-1], at 123–134.  Acceptance claims that it was granted a lien on SWT's real property, which consisted of an office building located in Saucier, Mississippi.  On April 23, 2004, Ruby and Jesse Pope, purportedly acting in their respective corporate capacities as President and Secretary/Treasurer of SWT, refinanced the loan with Acceptance in the total amount of $98,152.35, and executed a Second Deed of Trust secured by the same property. *Id*. at 135–154, 304–305.  Shortly thereafter, the parties became embroiled in state court litigation over the validity of the lien.  Specifically, on November 12, 2004, SWT filed suit against Acceptance in the Chancery Court of Harrison County, Mississippi, First Judicial District, seeking to quiet title or cancel the lien on its property.  *Id*. at 23, 46–47, 117; Tr. [6], at p. 4.  Acceptance countersued for judicial foreclosure.  Tr. [6], at p. 4.

Three other entities apparently have claims against SWT, all of which are secured by the same office building.  Whitney National Bank has a claim valued at approximately $100,000.00; Sumrall Recycling, Inc., has one valued at approximately $11,500.00; and the Thomas Law Firm has another, valued at approximately $35,000.00.  Att. [9-2], at pp. 1–2.  Each of these appear to be secured claims, all

based upon documents which were executed in 2007. In other words, these claims arose after, and therefore would presumably be inferior to, the April 2004 Second Deed of Trust in favor of Acceptance. *Id.*

B.   SWT's Bankruptcy

SWT filed a Voluntary Petition for Chapter 11 bankruptcy on or about May 17, 2010. R. [1-1], at 17–20. In its Schedule D of Creditors Holding Secured Claims, SWT identified Acceptance's claim, but designated it as "disputed." Att. [9-2], at p. 1. SWT eventually submitted a Plan of Reorganization [the "Plan"], dated September 14, 2010. In the Disputed Claim section, the Plan provided that

> [t]he Debtor disputes the claim by Acceptance Loan Company, Inc. There has been no proof of claim filed by Acceptance Loan Company and the time to file such proof of claim has expired.

R. [1-1], at 62. The Bankruptcy Court confirmed SWT's Chapter 11 Plan on or about December 21, 2010. *Id.* at 111. It is uncontested that Acceptance received notice of SWT's bankruptcy, and that it did not file a proof of claim.

On or about January 4, 2011, Acceptance filed a Complaint for Declaratory Judgment, *id.* at 113, asking the Bankruptcy Court to determine that its lien was not affected by the Plan confirmation, and that it retained a first priority lien on the property in question, *id.* at 120. Alternatively, Acceptance sought to have the Bankruptcy Court amend its Confirmation Order "to provide for resolution of the lien claim of Acceptance and further that the Court modify the automatic stay to allow the Chancery Court to determine the lien issues." *Id.*

Acceptance simultaneously filed a Motion to Amend Confirmation Order and

for Relief from the Automatic Stay. *Id.* at 197. Acceptance's Motion requested that

> in the event that the Court determines that Acceptance is not entitled to a judgment that its lien claim is not affected by the plan confirmation order, Acceptance prays for amendment of the confirmation order to provide for resolution of the lien claim of Acceptance and further that the Court modify the automatic stay to allow the Chancery Court to determine the lien issues.

*Id.* at 198. In short, Acceptance sought to amend the Plan to provide that its lien passed through the bankruptcy unaffected. *Id.* at 309.

The Bankruptcy Court denied Acceptance's Motion in its Order dated June 7, 2011. *Id.* at 325. It determined that Acceptance's lien was voided by virtue of the Chapter 11 Plan confirmation process. *Id.* at 344. Acceptance now appeals.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear bankruptcy appeals as provided by 28 U.S.C. § 158. "When reviewing a bankruptcy court's decision in a 'core proceeding,' a district court functions as an appellate court and applies the standard of review generally applied in federal court [sic] appeals." *Webb v. Reserve Life Ins. Co.*, 954 F.2d 1102, 1103–04 (5th Cir. 1992). A "core proceeding is one that 'invokes a substantive right provided by Title 11 [the Bankruptcy Code] or [ ] is a proceeding that by its nature could arise only in the context of a bankruptcy case.'" *Id.* at n.1 (quoting *In the Matter of Wood*, 825 F.2d 90, 97 (5th Cir. 1987)). The Court concludes that this appeal implicates matters which constitute core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(A), (G), (K), and (L). The Court must therefore review the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo*. *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust* (*In re Nat'l Gypsum Co.*),

208 F.3d 498, 504 (5th Cir. 2000). Mixed questions of fact and law are reviewed *de novo*. *Id.*

III. DISCUSSION

A. Standing

Among other things, the Bankruptcy Court's Order determined that Acceptance did not have standing to seek modification of the Plan. *In re S. White Transp., Inc.*, 455 B.R. at 521–22. Acceptance requested modification of the Confirmation Order pursuant to Federal Rules of Bankruptcy Procedure 9023 or 9024, which incorporate Federal Rules of Civil Procedure 59 and 60, respectively. The Bankruptcy Court concluded that Acceptance was essentially seeking to modify the confirmed Chapter 11 Plan, such that its request was governed by 11 U.S.C. § 1127(b). *Id.* at 520. According to this statute,

> [t]he proponent of a plan or the reorganized debtor may modify such plan at any time after confirmation of such plan and before substantial consummation of such plan, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. Such plan as modified under this subsection becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 of this title.

11 U.S.C. § 1127(b). Based on the foregoing language, the Bankruptcy Court found that Acceptance lacked standing. *In re S. White Transp., Inc.*, 455 B.R. at 521–22.

This case presents to this Court in a different procedural posture, however. In order to determine whether a party has standing to appeal a bankruptcy order, the Fifth Circuit employs the "person aggrieved" test. *In re Coho Energy, Inc.*, 395 F.3d 198, 202 (5th Cir. 2004). This test is a "more exacting standard than traditional

-5-

constitutional standing." *Id.* An appellant must show that "he was 'directly and adversely affected pecuniarily by the order of the bankruptcy court' in order to have standing to appeal." *Id.* at 203 (quoting *In re Fondiller*, 707 F.2d 441, 443 (9th Cir. 1983)).

Acceptance is directly and adversely affected pecuniarily by the Confirmation Order. Its property interest, the asserted lien on SWT's building, was purportedly extinguished by the Bankruptcy Court's June 7, 2011, Memorandum Opinion and Order, R. [1-1] at 325. Acceptance therefore has standing to pursue this appeal.

B. Acceptance's Lien

At issue in this appeal is whether Acceptance's lien was voided by virtue of the Chapter 11 Plan confirmation process, pursuant to 11 U.S.C. §1141(c). The Bankruptcy Court concluded that it was. *In re S. White Transp., Inc.*, 455 B.R. at 520 (citing 11 U.S.C. § 1141(c)). As the Fifth Circuit has observed, the general rule has been that liens pass through bankruptcy unaffected. *Elixir Indus., Inc. v. City Bank & Trust Co.* (*In re Ahern Enters., Inc.*), 507 F.3d 817, 821 (5th Cir. 2007). The United States Supreme Court has explained that, generally, "bankruptcy discharge extinguishes only one mode of enforcing a claim–namely, an action against the debtor *in personam*–while leaving intact another–namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). As such, the general rule has been that only a debtor's personal liability is discharged under the auspices of the Bankruptcy Code. *Id.*

The Bankruptcy Code "allows a creditor with a loan secured by a lien on the

assets of a debtor who becomes bankrupt before the loan is repaid to ignore the bankruptcy proceeding and look to the lien for the satisfaction of the debt." *In re Tarnow*, 749 F.2d 464, 465 (7th Cir. 1984). As the Seventh Circuit has explained

> if there is some doubt whether the collateral is adequate for this purpose the creditor may want to file a claim with the bankruptcy court, so that in the event the collateral falls short he will have a claim against the estate (though just as an unsecured creditor) for the shortfall. *See* 11 U.S.C. § 506(a). But unless the collateral is in the possession of the bankruptcy court . . . , the secured creditor does not have to file a claim. *See* 1 Norton, Bankruptcy Law and Practice § 28.27, at p. 28-18 (1983). It would be no favor to either the debtor or the other creditors to force him to do so on pain of losing his lien; it would just mean (unless as here the creditor was careless, and forgot to file) adding another unsecured creditor to the list.

*Id.* "[S]ecured creditors are allowed to ignore the bankruptcy proceeding without endangering their liens." *Id.* at 466. This is the "longstanding rule" in bankruptcy proceedings. *In re Cook*, 25 F.3d 1043, 1994 WL 261083, *2 (5th Cir. June 2, 1994).

11 U.S.C. § 1141(c) affords an exception to this general rule, and can work to extinguish an existing lien. This statute provides that

> [e]xcept as provided in subsections (d)(2) and (d)(3) of this section and except as otherwise provided in the plan or in the order confirming the plan, after confirmation of a plan, the property dealt with by the plan is free and clear of all claims and interests of creditors, equity security holders, and of general partners in the debtor.

11 U.S.C. § 1141(c). In order for this statutory provision to void a lien, the Fifth Circuit has held that four conditions must be satisfied:

> (1) the plan must be confirmed; (2) the property that is subject to the lien must be dealt with by the plan; (3) the lien holder must participate in the reorganization; and (4) the plan must not preserve the lien.

*In re Ahern Enters., Inc.*, 507 F.3d at 822.

The parties do not contest that the first, second, and fourth elements necessary

to void a lien are satisfied here. The crux of this dispute is whether the third element, that is whether Acceptance "participated" in SWT's reorganization, was present. The Bankruptcy Court determined that, because Acceptance received notice sufficient to satisfy the requirements of due process, it had "participated," even though it did not file a proof of claim, or any other pleading, in the bankruptcy proceeding until after the Plan's confirmation. *In re S. White Transp., Inc.*, 455 B.R. at 519.

C.  "Participation" under 11 U.S.C. § 1141(c)

The Fifth Circuit observed in *Ahern* that the participation requirement is a "judicial gloss," or an authoritative interpretation, of § 1141(c). *In re Ahern Enters., Inc.*, 507 F.3d at 823. The Court appeared to recognize, without specifically endorsing, varying approaches taken by courts in ascertaining what level of activity is sufficient to qualify as participation before § 1141(c) can operate to extinguish a lien. The Seventh Circuit requires that the creditor "participate" by filing a proof of claim. *Id.* (citing *In re Penrod*, 50 F.3d 459, 462 (7th Cir. 1995)). The Fifth Circuit noted that, "[a]t least one bankruptcy court has stated that the only participation necessary is that the creditor receive notice of the plan and an opportunity to object." *Id.* (citing *In re Regional Building Systems, Inc.*, 251 B.R. 274, 287 (Bankr. D. Md. 2000), aff'd 254 F.3d 528 (4th Cir. 2001)). Because the creditor in *Ahern* had filed a proof of claim, the Fifth Circuit was able to decide the case before it without resolving the question of whether receipt of notice alone constitutes participation. *Id.* This Court has not been directed to any controlling precedent which conclusively speaks to this

issue.

In the *Regional Building Systems* case referenced by the Fifth Circuit in *Ahern*, the Maryland bankruptcy court expressed disagreement with the Seventh Circuit's decision in *Penrod*. "The *Penrod* dicta's second premise – that a proof of claim must have been filed for the lien to be affected by the plan – makes no sense." *In re Regional Building Systems, Inc.*, 251 B.R. at 286. The Bankruptcy Court in this case followed the approach of the Maryland bankruptcy court in *Regional Building Systems*. *In re S. White Transp., Inc.*, 455 B.R. at 518–19 (citing *In re Regional Building Systems, Inc.*, 251 B.R. at 284–90).

The portion of the Maryland bankruptcy court's opinion upon which the Bankruptcy Court here relied was not specifically addressing the question of the creditor's level of participation, so much as it was speaking to the meaning of "the property dealt with by the plan" prong of the analysis. This portion of the opinion was considering whether it made a difference that the creditor's proofs of claim treated the claim at issue as unsecured, rather than secured, in determining whether the lien had been "dealt with" by the plan. However, the question of whether a lien constitutes "the property dealt with by the plan" is not as significant in the Fifth Circuit, which has rejected the view that the lien itself must be dealt with by the plan. *In re Ahern Enters., Inc.*, 507 F.3d at 823. Instead, the Fifth Circuit has held that it is the property to which the lien attaches which must be "dealt with" by the plan, as opposed to the lien itself. *Id.*

The Court is of the opinion that *Regional Building Systems* is factually

distinguishable from this case in an important respect.  There could be no real dispute in *Regional Building Systems* that the creditor there had in fact participated in the bankruptcy proceeding, and that the participation prong had been satisfied.  *In re Regional Building Systems, Inc.*, 251 B.R. at 284.  The creditor "not only filed a proof of claim but additionally affirmatively participated in the case by serving on the unsecured creditors' committee and by discussing its possible secured claim with counsel for that committee." *Id.*  The United States Court of Appeals for the Fourth Circuit subsequently affirmed this holding, *In re Regional Bldg. Systems, Inc.*, 254 F.3d 528 (4th Cir. 2001), concluding that the creditor had participated in the case, *id.*[1]  Thus, it seems that the creditor in *Regional Building Systems* took steps far beyond anything Acceptance did in this case.  The Court is not persuaded that *Regional Building Systems* supports the conclusion that, on the facts presented here, the receipt of notice alone would be sufficient to constitute participation.

The Court has not been directed to, nor has it located, any controlling or otherwise persuasive authority which has held that the participation requirement is satisfied by receipt of notice alone.  Rather, the cases surveyed by this Court in which a lien was voided pursuant to 11 U.S.C. § 1141(c) each appear to have involved more active participation by the creditor.  *See, e.g., In re Ahern*, 507 F.3d at 823 (creditor

---

[1] The creditor "participated as a member of the official committee of unsecured creditors." *In re Regional Bldg. Systems, Inc.*, 254 F.3d at 530.  The creditor "was notified of [the debtor's] Chapter 11 petition, participated in the reorganization, and had an opportunity to object to the plan." *Id.* at 532.  "Here, [the creditor] actively participated in [the debtor's] Chapter 11 reorganization as a member of the creditors' committee." *Id.* at 533.

filed proof of claim); *In re Regional Bldg. Systems, Inc.*, 254 F.3d at 533 (creditor filed a proof of claim); *In re Simon*, 83 F.3d 433, 1996 WL 192977, *2 (10th Cir. 1996) (creditor objected to plan which granted it a claim secured by cattle, farm machinery, and equipment but which did not recognize its mortgages, but then entered into an agreed order with debtor); *Penrod*, 50 F.3d at 463 (creditor filed proof of claim); *see also In re Be-Mac Transport Co., Inc.*, 83 F.3d 1020, 1027 (8th Cir. 1996) (creditor "was not permitted to participate as a secured creditor in the reorganization for purposes of voting and distribution because its second amended proof of claim had been denied, and its amended proof of claim was treated as an unsecured claim," such that confirmation of the reorganization plan did not extinguish any lien the creditor may have had). The Court is of the view that the weight of persuasive authority supports the conclusion that more than the mere receipt of notice is necessary to satisfy *Ahern*'s participation requirement.

In reaching this conclusion, the Court finds it instructive that Black's Law Dictionary defines "participation" as "[t]he act of taking part in something, such as a partnership, a crime, or a trial." BLACK'S LAW DICTIONARY (9th ed. 2009). The term contemplates some action. Acceptance took no part in the reorganization. The broader principle that liens have generally passed through bankruptcy unaffected lends further support to this conclusion. As the Supreme Court has explained, "[w]hen Congress amends the bankruptcy laws, it does not write 'on a clean slate.'" *Dewsnup v. Timm*, 502 U.S. 410, 419 (1992). Where statutory language is not unambiguous, the Supreme Court has "been reluctant to accept arguments that

-11-

would interpret the Code, however vague the particular language under consideration might be, to effect a major change in pre-Code practice that is not the subject of at least some discussion in the legislative history." *Id.*

In addition, it seems that extinguishing Acceptance's lien under these circumstances would be inequitable. A lien is property, which comes with a "bundle of rights." *United States v. Security Indus. Bank*, 459 U.S. 70, 76 (1982). Forfeiture of such rights is disfavored. *In re Penrod*, 50 F.3d 459, 462 (7th Cir. 1995). Acceptance purportedly enjoyed a first priority, perfected lien on SWT's sole asset. *In re S. White Transp., Inc.*, 455 B.R. at 512. Acceptance received nothing under Plan, while one of the inferior creditors received $1,500.00 monthly payments until the current principal balance plus current accrued interest balance is paid in full. The other two inferior creditors are to be paid in full at the time the collateral is sold or liquidated. R. [1-1], at 38.

Finally, it is noteworthy that the Fifth Circuit has distinguished between the "plan confirmation procedure, which is not ordinarily intended to be the arena for resolving individual claims, and the adversary process by which claims are disputed." *In re Cook*, 25 F.3d 1043, 1994 WL 261083, *1 (5th Cir. June 2, 1994). Had SWT wished to conclusively resolve the question of the validity of the lien within the bankruptcy after Acceptance failed to file a proof of claim, it could have brought Acceptance into the fray by filing a proof of claim on behalf of Acceptance and initiating an adversary proceeding. 11 U.S.C. § 501(c); FED. R. BANKR. P. 7001. SWT did not follow this course. Consequently, the validity of the lien was never presented

to, or determined by, the Bankruptcy Court.

With these precepts in mind, along with the record and the legal authorities discussed earlier, the Court is of the opinion that, on these facts, notice alone was insufficient to satisfy the requirement that Acceptance "participate" in the reorganization. Something more was required. The Court concludes that any lien Acceptance may have had survived the Chapter 11 Plan confirmation.

## IV. CONCLUSION

Based upon the foregoing, the Court finds that Acceptance's lien was not voided upon confirmation of the Plan.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the June 7, 2011, Memorandum Opinion and Order, R. [1-1] at 325, of the United States Bankruptcy Court for the Southern District of Mississippi is **REVERSED**, and this matter is **REMANDED** to the Bankruptcy Court for further proceedings consistent with this Order.

**SO ORDERED AND ADJUDGED**, this the 14th day of June, 2012.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE